## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.     PHILLIP STARR, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-1414-L |
| | ) | |
| 1.     OIL STATES ENERGY | ) | JURY TRIAL DEMANDED |
|          SERVICES, LLC, | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| | ) | |
| 2.     OIL STATES MANAGEMENT, INC., | ) | |
| | ) | |
|       Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

## PARTIES

1. The Plaintiff is Phillip Starr, an adult resident of Cleveland County, Oklahoma.

2. The Defendants are Oil States Energy Services, LLC ("Defendant Energy") and Oil States Management, Inc. ("Defendant Management"), foreign entities doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for age discrimination, including retaliatory termination after Plaintiff complained of such discrimination, in violation of the Age Discrimination Employment Act (ADEA) and Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 626© and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction are vested over those claims under 28 U.S.C. § 1367(a).

4. Most of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.   Defendants jointly and separately employed more than twenty (20) employees during at least twenty (20) weeks of the current or proceeding calendar year.  Accordingly, the Defendants are both covered employers under the ADEA. There is no minimum employee requirement to be a covered employer under the OADA.

6.   Plaintiff's W-2 forms reflect his employer as Defendant Management. Plaintiff was given performance evaluations by Defendant Energy.  Both defendants controlled Plaintiff's employment and governed the essential terms and conditions of Plaintiff's employment.  For this and other reasons, both Defendants employed the Plaintiff in a joint employer or integrated enterprise capacity such that both defendants are jointly and/or severally liability for the claims herein.

7.   Plaintiff worked as an Engineer for the Defendants from around August 16, 2010 until around June 20, 2014.

8.   Plaintiff held the minimum educational, physical and experience requirements for his job, was qualified to perform his job and did so in a satisfactory manner.

9.   Plaintiff received a performance evaluation in or around 2011 which reflected satisfactory performance.

10.   Beginning in approximately 2012 or early 2013 Plaintiff began to observe the Defendant terminating older employees or otherwise forcing them out of the company, and replacing these older employee with significantly younger persons.

11.   Around the middle to end of 2013 the Defendant began targeting the Plaintiff and setting him up for termination, including by giving Plaintiff's job assignments and job duties to younger employees.

12.   Plaintiff filed an EEOC charge of discrimination around January 27, 2014 for age discrimination.

13.   Thereafter Plaintiff was discriminated and retaliated against, including being given a "needs improvement" performance evaluation and being placed on a performance

improvement plan.

14.    Additionally, Defendant continued to take away Plaintiff's job duties and given to younger employees, including Jeremy Gardner (approximately thirty-two (32) years old).

15.    Mark Dorries (Plaintiff's supervisor) would refer to Mr. Gardner as a fine "young" man.

16.    Around June 19, 2014 Mark Dorries (Supervisor) talked to Plaintiff about his EEOC charge of discrimination.  Plaintiff again complained to Mr. Dorries that he felt he was being discriminated against and that older employees had been fired because of their age and replaced with younger persons.

17.    Plaintiff was terminated around June 20, 2014 by Mark Dorries.

18.    Plaintiff was fifty-four (54) years old when he was terminated.

19.    As a result of Plaintiff's termination he has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm damages including worry, stress, anxiety and similar unpleasant emotions.

20.    But for Plaintiff's age and/or complaint of age discrimination he would not have been terminated.

21.    Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge on July 21, 2014.  The EEOC issued a right to sue letter on November 6, 2014 and Plaintiff received such letter thereafter.  This compliant is timely filing within ninety (90) days of Plaintiff's receipt of his right to sue letter.

22.    Age discrimination, including retaliation for Plaintiff's complaints of age discrimination, violates the ADEA and the OADA.

23.    Plaintiff is entitled to lost wages (including front pay and benefits) under both the ADEA and OADA.  Plaintiff is entitled to emotional distress damages under the ADEA for Defendants' retaliatory termination.

24.     Because the actions of the Defendants were willful as defined by the ADEA,
Plaintiff is entitled to liquidated damages in an amount equal to his wage and
benefit loss through the time of trial.  Plaintiff is entitled to liquidated damages
under the OADA.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and
against the Defendants on all of his claims and that this Court grant the Plaintiff all
available compensatory damages, liquidated damages, pre- and post-judgment interest,
costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS <u>19th</u> DAY OF DECEMBER, 2014**.

> HAMMONS, GOWENS, HURST
> & ASSOCIATES
>
> s/ Amber L. Hurst
> Mark E. Hammons, OBA No. 3784
> Amber L. Hurst OBA No. 21231
> 325 Dean A. McGee Avenue
> Oklahoma City, Oklahoma 73102
> Telephone:  (405) 235-6100
> Facsimile:  (405) 235-6111
> Email: Amberh@hammonslaw.com
> Mark@hammonslaw.com
> *Counsel for Plaintiff*
> JURY TRIAL DEMANDED
> ATTORNEY'S LIEN CLAIMED